LILLEHAUG, Justice
(concurring).
I write separately to: (1) emphasize that we are bound by what may be overbroad United States Supreme Court precedent that it alone can refine; and (2) highlight a potential solution to the FELA post-verdict interest problem.
On September 28, 2012, a jury in state district court returned a verdict in favor of an injured worker, Dennis Kinworthy. But, as is customary in Minnesota state courts, judgment was not entered that day. After considering post-trial motions pursuant to Minn. R. Civ. P. 59, the district court ordered entry of judgment on November 27, 2012. Pursuant to the automatic stay of Minn. Gen. R. Prac. 125, judgment was not entered until December 27, 2012. Thus, there was a 90-day gap from verdict to judgment.
Had the case been tried in federal court, judgment would have been entered *361 promptly after the jury verdict. Under Fed.R.Civ.P. 58, after a verdict “the clerk must, without awaiting the court’s direction, promptly prepare, sign, and enter the judgment.” Post-judgment interest begins to accrue from that date. See 28 U.S.C. § 1961 (2012) (federal interest statute). In federal court, Kinworthy would have been entitled to several thousands of dollars of post-judgment interest.
With reluctance, I agree that Kinworthy cannot recover post-verdict prejudgment interest during the 90-day gap because this case is controlled by Monessen Sw. Ry. v. Morgan, 486 U.S. 330, 336, 108 S.Ct. 1837, 100 L.Ed.2d 349 (1988), and Kaiser Aluminum, & Chem. Corp. v. Bonjorno, 494 U.S. 827, 835, 110 S.Ct. 1570, 108 L.Ed.2d 842 (1990). Together, Monessen and Kaiser hold, flatly, that interest prior to judgment is not recoverable in FELA actions, whether in federal court or in state court. Perhaps the Supreme Court did not foresee, much less contemplate, the nuance presented in this case: that, under some states’ statutes and rules, what is technically post-verdict prejudgment interest is, as a practical matter, the equivalent of federal post-verdict post-judgment interest. But if there were to be such a carve-out from the holdings of Monessen and Kaiser, it would be for the Supreme Court, rather than us, to wield the scalpel.
In my view, such a carve-out — or, alternatively, a requirement that judgment be entered immediately in state FELA cases so as to start the running of postjudgment interest — would be appropriate so as to equalize interest awards in state and federal courts. This would promote the uniformity goal of FELA, see Norfolk & Western Ry. v. Liepelt, 444 U.S. 490, 493 n. 5, 100 S.Ct. 755, 62 L.Ed.2d 689 (1980) (goal of FELA is to create uniformity throughout the country), and further Congress’ intent “to provide liberal recovery for injured workers,” Kernan v. American Dredging Co., 355 U.S. 426, 432, 78 S.Ct. 394, 2 L.Ed.2d 382 (1958).
Our holding in this case directly conflicts with the holding of the South Dakota Supreme Court in Jacobs v. Dakota, Minnesota & Eastern R.R., 806 N.W.2d 209 (S.D.2011) (interest on FELA verdict accrues from the time of the verdict and through entry of judgment). Railroads in the north central region and their employees who move from state to state will face inconsistent outcomes.[1] This conflict between the supreme courts of neighboring states connected by rail might present the Supreme Court with a good opportunity to refine its unequivocal holdings in Mones-sen and Kaiser.
Whether or not the high court has that opportunity or takes it, our district courts should be aware that there is a potential safety valve in Rule 125 itself. The automatic stay applies “unless the court orders otherwise.” As the Advisory Committee’s Comment to Rule 125 confirms, the district court “can order immediate entry of judgment in any case.” (Emphasis added.) It strikes me that it would be well within the sound discretion of the district court to enter judgment immediately upon *362 a FELA verdict, by motion of a party[2] or otherwise. This step would transform into post-judgment interest what would otherwise be post-verdict prejudgment interest. Prompt entry of judgment, as is routine in federal court, would promote FELA uniformity and not penalize workers for proceeding in Minnesota district courts.
With these observations, I respectfully concur.

. Railroads that serve both Minnesota and South Dakota are: BNSF Railway; Soo Line Railroad (a subsidiary of Canadian Pacific Railway); Rapid City, Pierre & Eastern Railroad; and Twin Cities & Western Railroad. See Official South Dakota Rail Map, South Dakota Department of Transportation (Nov. 2014), http://www.sddot.com/transportation/ railroads/docs/railmap.pdf; Minnesota Freight and Commercial Vehicle Operations, Minnesota Department of Transportation (Dec. 2014), http://www.dot.state.mn.us/ofrw/maps/ MNRailMap.pdf; Twin Cities & Western Railroad Company and Affiliates, Twin Cities & Western Railroad Company (Aug. 23, 2013), http://tcwr.net/wp-content/uploads/2013/! 1/ TCW.MPL_.SMRR_.Map_.082313.Screen-l 1-4-13.pdf.

. No such motion was made in this case. On January 18, 2013, Kinworthy moved to amend the judgment entered on December 27, 2012, to allow for post-verdict prejudgment interest. The motion was denied by order dated April 1, 2013, and a motion for reconsideration was denied by order dated April 30, 2013.